UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ST. COLETTA'S OF ILLINOIS, INC., an Illinois not-for-profit corporation, and JESSE McMORRIS, an individual,  )<br><br>Plaintiffs,  )<br>v.  )<br>  )<br>CITY OF MARKHAM, an Illinois municipal corporation,  )<br>DAVID WEBB, JR.,  )<br>J.V. COOK, SR.,  )<br>THADDEUS GOODLOW and  )<br>ROGER AGPAWA,  )<br>individuals,  )<br>  )<br>Defendants.  ) | No. 08 C 0409<br><br>Senior District Judge Milton I. Shadur<br><br>Magistrate Judge Susan E. Cox |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiffs St. Coletta's of Illinois, Inc. ("St. Coletta's") and Jesse McMorris ("Mr. McMorris") (collectively "Plaintiffs") by counsel Nicholas Anaclerio and Jamie A. Robinson of Ungaretti & Harris, LLP, submit this supplemental memorandum of law in further support of their Motion for a Temporary Restraining Order and Preliminary Injunction against the City of Markham (the "City" or "Markham"), and David Webb, Jr. ("Mr. Webb"), J.V. Cook, Sr., ("Mr. Cook"), Thaddeus Goodlow ("Mr. Goodlow") and Roger Agpawa ("Mr. Agpawa"), (collectively the "Defendants").

## ARGUMENT[1]

Plaintiffs' motion for a temporary restraining order and preliminary injunction should also be granted because the City's discriminatory and pretextual regulation of an organization and a group home that is already comprehensively regulated under Illinois law is preempted by Illinois statute by implication. *See Hawthorne v. Village of Olympia Fields*, 204 Ill.2d 243, 790 N.E.2d 832 (2004). Under the doctrine of preemption by implication, "where the legislature has enacted a comprehensive system of regulation and licensure, . . . the legislature implies by that system that there is no room for regulation by local governmental units." *Id.* at 261, 790 N.E.2d at 843; *see also Pesticide Public Policy Foundation v. Village of Wauconda*, 117 Ill.2d 107, 115, 510 N.E.2d 858, 862 (1987).

Under 210 ILCS 135/1 *et seq.*, known as the *Community Integrated Living Arrangements Licensure and Certification Act* (the "CILA" Act), the State of Illinois regulates Community Integrated Living Arrangements ("CILA's"). The CILA Act defines a CILA as "a living arrangement certified by a community mental health or developmental services agency under this Act where 8 or fewer recipients with mental illness or recipients with a developmental disability who reside under the supervision of the agency." 210 ILCS 135/3. The CILA Act requires agencies that wish to develop and support CILA's be licensed by the Department of Human Services. 210 ILCS 135/4. Once an agency is licensed by the Department, it may operate under the CILA Act. Chapter 59, parts 112, 115 and 119 of the Illinois Administrative Code set forth additional regulations that CILA's must meet.

---

[1] Plaintiffs incorporate by reference all of the facts and arguments set forth in their Memorandum of Law in Support of Motion for a Temporary Restraining Order and Preliminary Injunction.

St. Coletta's is a social service agency that provides support for and maintains CILA's throughout the southern suburbs of Chicago.[2] As an agency which supports and operates CILA's, St. Coletta's is subject to the licensing requirements of the CILA Act and regulations contained in the Illinois Administrative Code for each of its CILA facilities.[3] Although the CILA Act does not explicitly preempt local municipalities' authority to license CILA's, the State of Illinois' specific, extensive statutory criteria for licensure establishes that, as in *Hawthorne*, the legislature has implied that there is no room in this area for regulation by a local government.

While Plaintiffs recognize that the business license provisions of Markham's Code differ from the licensure requirements under the CILA Act, the City's tortured application of its Code here would impermissibly supervene the CILA Act and prohibit St. Coletta's, an agency holding valid State licenses issued by the Illinois Department of Human Services, from opening a CILA unless it also secured a Markham business license. The City's ordinance, at least as interpreted by the City, thus imposes an additional layer of regulation upon licensed agencies entitled to open a CILA. As a result, the ordinance "impermissibly interferes with the State's licensing scheme" by prohibiting the opening of a CILA, where it would otherwise be permitted by State law. *Pesticide Public Policy Foundation,* 117 Ill.2d at 119, 510 N.E.2d at 864. Thus, any attempt by the City to impose any additional municipal licensing or regulatory requirements upon St. Coletta's or the Home beyond the CILA Act is preempted and should be barred by this Court.

---

[2] Ex. 1, Affidavit of Ray Brian, ¶ 3.
[3] Ex. 1, ¶ 4.

## CONCLUSION

For all of the foregoing reasons, the Plaintiffs respectfully request that this Court enter a preliminary injunction against Defendants City of Markham, David Webb, Jr., J.V. Cook, Sr., Thaddeus Goodlow and Roger Agpawa specifically:

(1) prohibiting Defendants from further interfering with Plaintiffs rights to peacefully occupy and use the residence located 16207 S. Central Park, Markham, Illinois (the "Home") as a group home for disabled persons;

(2) finding that St. Coletta's is not required to obtain a business license from the City's in order to open or operate the Home or alternatively that if a business license is required that such license and approvals issue from the City immediately;

(3) prohibiting Defendants from otherwise violating the federal Fair Housing Act, the Americans with Disabilities Act and the Plaintiffs' Illinois and federal Constitutional rights to equal protection of the laws with respect to the Home or otherwise; and

(4) granting such additional relief in Plaintiffs' favor and against Defendants as this Honorable Court deems fair, just and equitable in the premises, including without limitation an award of Plaintiffs' reasonable legal expenses, including reasonable attorneys' fees, incurred in preparing and presenting this Petition for Preliminary Injunction, such expenses to be proven by separate verified petition.

Dated: January 29, 2008

Respectfully submitted,

/s/ Jamie A. Robinson
Nicholas Anaclerio
Jamie A. Robinson
UNGARETTI & HARRIS LLP
Three First National Plaza
Suite 3500
Chicago, Illinois 60602
Telephone (312) 977-4400
Facsimile (312) 977-4405

Counsel for Plaintiffs