# EXHIBIT 1

# UNGARETTI & HARRIS

Nicholas Anaclerio
Direct No.: (312) 977-4375
nanaclerio@uhlaw.com

UNGARETTI & HARRIS LLP

**CHICAGO**
3500 Three First National Plaza
Chicago, Illinois 60602.4224
Telephone: 312.977.4400
Fax: 312.977.4405

*VIA E-MAIL, FACSIMILE AND U.S. MAIL*

January 30, 2008

**WASHINGTON**
1500 K Street, N.W., Suite 250
Washington, D.C. 20005.1714
Telephone: 202.639.7500
Fax: 202.639.7505

Steven R. Miller, Esq.
Miller & Ellison
17508 E. Carriageway Drive
Hazel Crest, Illinois  60429

Michelle Broughton-Fountain, Esq.
19150 S. Kedzie, Suite 103B
Flossmoor, Illinois  60422

**SPRINGFIELD**
400 E. Jefferson Street, Suite 1200
Springfield, Illinois 62701.1053
Telephone: 217.544.7000
Fax: 217.544.7950

www.uhlaw.com

Clifford G. Kosoff
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, IL  60062

Re:  *St. Coletta's of Illinois, Inc. v. City of Markham, et al.*
     **United States District Court, Northern District of Illinois**
     **Case No.:  2008 C 409**

Counsel:

### Business License Issue

Based upon the Court's remarks this morning in issuing his temporary restraining order against the Defendants, specifically his remarks as to the lack of any reasonable basis for the City to interpret or apply its ordinances to impose any business license requirement on the Plaintiffs, we urge all Defendants to agree and stipulate as follows:

  1. that Markham's ordinances do not require St. Coletta's to apply for, have or maintain any business license to occupy and operate the disputed residence as a group home for the disabled;

  2. that Plaintiffs are not subject to any business license requirement in their occupancy or use of the disputed residence as a group home for the disabled; and

  3. that the City will cease and hereafter desist in any proceedings, including without limitation, meetings or hearings of its Plan Commission, License Commission or City Council that concern, regard or relate to the issuance or approval of any business license respecting Plaintiffs' use of the disputed residence as a group home for the disabled.

UNGARETTI
 & HARRIS

January 30, 2008
Page 2

To the extent that Defendants are unwilling to promptly make these stipulations, Defendants should be mindful that Plaintiffs will be obligated to add to those fees and other expenses and damages they seek against Defendants in this litigation all such attorneys fees and other expenses incurred in attending any City Council, Plan Commission or License Commission meetings or hearings relating to a business license for the disputed residence, and all such expenses incurred in litigating and defeating the Defendants' legally-indefensible contention that the disputed residence and/or St. Coletta's of Illinois as its operator are subject to any Markham licensing requirements.

We likewise remind you and the Defendants that in his very first hearing in this case on January 22, 2008, Judge Shadur specifically informed the parties that he had already considered and rejected the notion that St. Coletta's or the disputed residence were subject to any City business license requirement. As you know, he reiterated that view today, making it still clearer that all past City proceedings surrounding the business license issue (including the Plan Commission meetings of January 9, 2008 and January 24, 2008) were nullities and that by forcing St. Coletta's to participate in such proceedings, the City has compounded Plaintiffs' damages.

### Defendants' Exposure

It is very clear, particularly given the Court's rulings and remarks this morning, that Defendants have been waging an ill-advised, losing battle in this lawsuit. They are doing so at the expense of the taxpayers of Markham, and they are doing so in derogation of their official responsibilities to set an example of consistent, conscientious and comprehensive compliance with the law, not one of flagrantly violating it at the expense of some of the most vulnerable members of our society. The Court's issuance of a temporary restraining order demonstrates as plainly as is possible his judgment that Plaintiffs will succeed on the merits of their housing discrimination and constitutional claims. As a matter of course, successful plaintiffs in such claims recover awards of their reasonable attorneys' fees and other litigation expenses together with substantial compensatory and frequently exemplary damages awards.

Given these bleak realities for Defendants, it is incumbent on them to resolve this case as soon as possible through a negotiated settlement that ensures that 1) Plaintiffs will suffer no future infringement of their constitutional and statutory rights by Defendants; and 2) Defendants make Plaintiffs whole for all monetary damages that they have sustained to date, including their legal fees and other expenses in this litigation. Should this case not be resolved to Plaintiffs' satisfaction, their litigation expense will only further multiply together with Defendants' damages exposure, which increases with every passing day.

1098102_1

UNGARETTI
&HARRIS

January 30, 2008
Page 3

### Settlement Meeting

Plaintiffs propose, therefore, that well before the upcoming February 5, 2008 Markham City Council meeting, the Parties meet to discuss a complete settlement of this case. We propose that in such a meeting, the Parties' counsel have their full authority to settle the case and/or that City official(s) with full settlement authority be present. We propose such a meeting in our offices at your earliest convenience before February 5, 2008, before the litigants' positions become still further polarized, and before Plaintiffs sustain still more damages and expenses, all of which federal law will ultimately shift to Defendants.

Please communicate this settlement meeting proposal to your clients, advise me of their responses to it, and finally provide Defendants' responses to the stipulations also proposed in this letter.

Very truly yours,

Nicholas Anaclerio

Enclosure

cc:   John J. Durso
      Jamie Robinson

1098102_1