UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ST. COLETTA'S OF ILLINOIS, INC., an Illinois not-for-profit corporation, and JESSE McMORRIS, an individual,<br><br>Plaintiffs,<br>v.<br><br>CITY OF MARKHAM, an Illinois municipal corporation, DAVID WEBB, JR., J.V. COOK, SR., THADDEUS GOODLOW and ROGER AGPAWA, individuals,<br><br>Defendants. | No. 08 CV 409<br><br>Senior District Judge<br>Milton I. Shadur<br><br>Magistrate Judge<br>Susan E. Cox |

## PLAINTIFFS' RULE 36 (a)(6) MOTION TO DEEM ADMITTED

The Plaintiffs St. Coletta's of Illinois, Inc. ("St. Coletta's") and Jesse McMorris ("Jesse") (collectively, the "Plaintiffs") by their counsel Nicholas Anaclerio, Jamie A. Robinson and David Levitt, all of Ungaretti & Harris, LLP move this Court for the entry of an order, pursuant to Rules 36 (a)(6) and 37 of the Federal Rules of Civil Procedure, deeming to be admissions as a matter of law the Defendant City of Markham's (the "City" or "Markham") responses to Plaintiffs' Requests to Admit nos. 12-15 inclusive, 24, and 36, and in further support state:

1. On February 27, 2008 the City served Plaintiffs with the "City of Markham's Responses to Plaintiffs' Requests to Admit" (the "City's Responses," a true copy of which is appended hereto and made a part hereof as Group Exhibit 1).

2. The City's Responses lodge no objections to Plaintiffs' Requests to Admit 12-15 inclusive, 24, or 36, nor do they deny that the information sought in those requests is within the personal knowledge and information of the City's officials, officers, employees or agents. Yet

1114464_1

instead of providing direct admissions or denials of the facts sought by Plaintiffs to be admitted, in response to Requests to Admit 12-15 inclusive, 24, and 36 the City states:

> "After reasonable inquiry, the information known or readily obtainable to the City of Markham is insufficient to enable the City of Markham to admit or deny the matters set forth [in the referenced requests to admit] because [one or another of the knowledgeable individual defendants] is an individually named defendant, for whom separate counsel has been retained."

3. So, for example, the City responds to Plaintiffs' Request to Admit 15 as follows:

> 15. Admit that Defendant Agpawa had a copy of Judge Shadur's January 22, 2008 Order when he refused to issue permits for St. Coletta's to install sprinkler and fire alarm systems at the Property.
>
> **RESPONSE:** The City of Markham admits that Defendant Agpawa was given a copy of Judge Shadur's January 22, 2008 order on the date the order was issued. After reasonable inquiry, the information known or readily obtainable to the City of Markham is insufficient to admit or deny the remaining matters set forth in paragraph 15 because Defendant, Agpawa, is an individually named defendant, for whom separate counsel has been retained.

4. The City cannot dodge its duty to provide responsive answers to Plaintiffs' requests to admit in this fashion. Nor can it discharge its Rule 36 duty to conduct a reasonable investigation into the facts Plaintiffs seek to have it admit or deny without inquiring of its knowledgeable officers, employees and agents, including the individual defendants, about those facts.[1] It is settled that to discharge its duty to make reasonable inquiry before responding to Rule 36 requests, a party must conduct an investigation of its officers, administrators, agents and employees who may have information which may lead to a response and review relevant

---

[1] Rule 36(a)(4) provides, in relevant part that:
"...The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."

1114464_1

2

documents and regulations. *Taborn v. Unknown Officers*, 2001 WL 138908 (N.D. Ill.), *citing, T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D. N.Y. 1997); *see, also, Tequila Centinela, S.A. v. Bacardi & Company, Ltd.*, 242 F.R.D. 1, 15 (D. C. 2007).

5.　　The *Taborn* decision (a true copy of which is attached as Exhibit 2) is apposite and instructive. In that excessive force lawsuit against the City of Chicago and unknown Chicago police officers, the court noted that the defendant city claimed to have conducted a "reasonable investigation" for Rule 36 purposes before asserting that it lacked sufficient information to admit or deny the plaintiff's requests for admissions. The court disagreed, finding that the "Defendant failed to interview any of its officers, as was its obligation [citation omitted]. The officers are individuals employed by the City of Chicago. The City cannot claim lack of knowledge pursuant to a duty of reasonable inquiry when it fails to interview its own employees." The *Tabor* court also dispenses with the defendant city's contention "that interviews of its own employees *might* violate attorney-client privilege or the assertion of the work-product doctrine" (emphasis in original). The *Tabor* court concluded that the city's privilege concerns were speculative until it conducted the interviews in question. Consequently, the *Tabor* court granted the plaintiff's motion to deem the city's responses to be admissions. *Id.,* *2.

6.　　For the same reasons as those prompting the court's decision in *Tabor*, pursuant to Rule 36(b)(6), the Defendant City here should be deemed to have admitted Plaintiffs' Requests to Admit 12-15 inclusive, 24, and 36.[2]

---

[2] Rule 36(a)(6) provides, in pertinent part, that "[o]n finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served."

1114464_1　　　　　　　　　　　　　3

WHEREFORE, for all of the foregoing reasons, the Plaintiffs respectfully request that this Court enter an order, pursuant to Rule 36(a)(6) of the Federal Rules of Civil Procedure deeming Defendants responses to Plaintiffs' Requests to Admit 12-15 inclusive, 24, and 36 to be conclusive admissions for all purposes in this litigation. Plaintiffs' foregoing Motion to Deem having been necessitated by Defendants' manifest failure to serve answers to Plaintiffs' Requests to Admit 12-15 inclusive, 24, and 36 in compliance with the requirements of Rule 36, Plaintiffs further respectfully request that this court further order, in accordance with Rule 37(a)(5), that Defendants and their counsel pay the Plaintiffs' reasonable expenses incurred in making said Motion to Deem, including Plaintiffs' reasonable attorney's fees. Plaintiffs further respectfully request that this Court grant such other or further relief in their favor and against the Defendants as the Court deems fair, just and equitable in the premises.

Dated: February 29, 2008

Respectfully submitted,

Nicholas Anaclerio (ARDC #6187889)
Jamie A. Robinson (ARDC #6270503)
David Levitt (ARDC #6280466)
UNGARETTI & HARRIS LLP
Three First National Plaza
Suite 3500
Chicago, Illinois 60602
Telephone (312) 977-4400
Facsimile (312) 977-4405

Counsel for Plaintiffs