# EXHIBIT 1

Case 1:08-cv-00409   Document 50-2   Filed 02/29/2008   Page 1 of 10

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ST. COLETTA'S OF ILLINOIS, INC., )
an Illinois not-for-profit corporation, and )
JESSE McMORRIS, an individual, )
) No. 08 cv 409
Plaintiffs, )
v. ) Judge Milton I. Shadur
CITY OF MARKHAM, an Illinois )
municipal corporation, DAVID WEBB, )
JR., J.V. COOK, SR., THADDEUS )
GOODLOW and ROGER AGPAWA, )
individuals, )
)
Defendants. )

### CITY OF MARKHAM'S RESPONSES TO PLAINTIFFS' REQUESTS TO ADMIT

Defendant, City of Markham, by its attorneys, Clifford G. Kosoff, Jane M. May and Joshua S. Abern, and in response to Plaintiffs' Requests to Admit, states as follows:

#### OBJECTION

The City of Markham objects to the "Definitions and Instructions" as set forth in Plaintiff's Request to Admit as said definitions and instructions, without legal authority, seek to impose upon the responding defendant additional responsive requirements beyond those set forth Fed.R.Civ.P. 36. The defendant will respond to the following Requests to Admit facts in accordance with the rules and procedures set forth in Fed.R.Civ.P. 36.

1. Admit that Jesse McMorris and the other Residents of the Home are disabled and handicapped as those terms are defined by the Fair Housing Act as amended and Americans with Disabilities Act.

**RESPONSE:** Admitted.

2. Admit that the Home is a permitted use under the City's Code.



EXHIBIT 1

**RESPONSE:** Admitted.

3. Admit that in November, 2007, permit applications were submitted to the City for the installation of a sprinkler system and fire alarm system on the property.

**RESPONSE:** Admitted.

4. Admit that the City told St. Coletta's that is must file a petition for zoning before it could obtain permits for the installation of a sprinkler system and fire alarm system at the Property.

**RESPONSE:** After reasonable inquiry, the information known or readily obtainable to the City of Markham is insufficient to enable the City of Markham to admit or deny what St. Coletta's representatives may or may not have been told by the individual defendants because separate counsel has been retained for the individual defendants.

5. Admit that the City told St. Coletta's that is must obtain a business license before it could obtain permits for the installation of a sprinkler system and fire alarm system at the Property.

**RESPONSE:** After reasonable inquiry, the information known or readily obtainable to the City of Markham is insufficient to enable the City of Markham to admit or deny what St. Coletta's representatives may or may not have been told by the individual defendants because separate counsel has been retained for the individual defendants.

6. Admit that the City's Code contains no requirement that applicants for fire alarm system or sprinkler system installation permits must hold a business license before such permits may be issued to them.

**RESPONSE:** Admitted.

7. Admit that the City's Code contains no requirement that applicants for fire alarm or sprinkler system installation permits for a structure demonstrate that it is being used or will be used in accordance with its zoning as a prerequisite to such permits being issued.

**RESPONSE:** Admitted.

8. Admit that permits for the sprinkler system and fire alarm system for the Property were issued by Defendant Goodlow alone.

2

**RESPONSE:** The City of Markham admits that permits for the sprinkler system and fire alarm system for the Property were issued by the City of Markham and signed by Mr. Goodlow as an agent of the City. The City of Markham denies that the permits were issued "by Defendant Goodlow alone."

9. Admit that permits for the sprinkler system and fire alarm system for the Property were signed only by Defendant Goodlow.

**RESPONSE:** Admitted.

10. Admit that Defendant Agpawa is the only City official with authority to issue permits for a fire alarm system and sprinkler system.

**RESPONSE:** Admitted

11. Admit that Defendant Agpawa is the only City official with authority to sign permits for a fire alarm system and sprinkler system.

**RESPONSE:** Denied.

12. Admit that on January 22, 2008 Defendant Agpawa stated that his signature was required on City permits for the installation of a fire alarm or sprinkler system to make such permits valid and effective.

**RESPONSE:** After reasonable inquiry, the information known or readily obtainable to the City of Markham is insufficient to enable the City of Markham to admit or deny the matters set forth in Request Number 12 because Defendant, Agpawa, is an individually named defendant, for whom separate counsel has been retained.

13. Admit that Mr. Agpawa refused to issue permits to St. Coletta's for the installation of a sprinkler system and fire alarm system on January 22, 2008.

**RESPONSE:** After reasonable inquiry, the information known or readily obtainable to the City of Markham is insufficient to enable the City of Markham to admit or deny the matters set forth in Request Number 13 because Defendant, Agpawa, is an individually named defendant, for whom separate counsel has been retained

3

14. Admit that on January 23, 2008 Defendant Agpawa stated that his signature was not required on City permits for the installation of a fire alarm or sprinkler system to make such permits valid and effective.

**RESPONSE:** After reasonable inquiry, the information known or readily obtainable to the City of Markham is insufficient to enable the City of Markham to admit or deny the matters set forth in Request Number 14 because Defendant, Agpawa, is an individually named defendant, for whom separate counsel has been retained.

15. Admit that Defendant Agpawa had a copy of Judge Shadur's January 22, 2008 Order when he refused to issue permits for St. Coletta's to install sprinkler and fire alarm systems at the Property.

**RESPONSE:** The City of Markham admits that Defendant Agpawa was given a copy of Judge Shadur's January 22, 2008 order on the date the order was issued. After reasonable inquiry, the information known or readily obtainable to the City of Markham is insufficient to enable the City of Markham to admit or deny the remaining matters set forth in paragraph 15 because Defendant, Agpawa, is an individually named defendant, for whom separate counsel has been retained.

16. Admit that Defendants did not provide St. Coletta's with any permit for the installation of a fire alarm system at the Property until after 10:30 p.m. on January 23, 2008.

**RESPONSE:** Admitted.

17. Admit that on January 24, 2008, the City provided St. Coletta's sprinkler system installation contractor, Central States, with revised or marked up plans for the installation of the sprinkler system at the Property.

**RESPONSE:** Admitted.

18. Admit that these revisions or mark-ups to sprinkler system installation plans previously submitted to the City on behalf of St. Coletta's called for additional sprinkler heads and the relocation of other sprinkler heads.

**RESPONSE:** Admitted.

19. Admit that the revisions and/or mark-ups appearing on the set of plans provided

4

to St. Coletta's sprinkler system installation contractor, Central States, on or about January 24, 2008 were made by Defendant Agpawa.

**RESPONSE:** Admitted.

20. Admit that the revisions and/or mark-ups appearing on the set of plans provided to St. Coletta's sprinkler system installation contractor, Central States, on or about January 24, 2008 were made on behalf of Defendant Agpawa and with his authority by another City official or employee.

**RESPONSE:** Denied.

21. Admit that the City turned water service off to the Property in January 2008 before the filing of this lawsuit on January 18, 2008.

**RESPONSE:** Admitted.

22. Admit that Defendant Webb instructed and directed other City officials or employees to turn water service to the Property off in January 2008 before the filing of this lawsuit on January 18, 2008.

**RESPONSE:** Admitted.

23. Admit that Defendant Webb had never instructed or directed other City officials or employees to turn water service to a residence for which all water bills were not delinquent until he did so with respect to the Property.

**RESPONSE:** Denied.

24. Admit that neither the City, nor any of the Defendants gave St. Coletta's or anyone on its behalf any prior notice that the City would shut off water service for the Property in January 2008.

**RESPONSE:** The City of Markham admits that it did not give St. Coletta's or anyone on its behalf prior notice that the City would shut off water service for the property in January of 2008. After reasonable inquiry, the information known or readily obtainable to the City of Markham is insufficient to enable the City of Markham to admit or deny the remaining matters set forth in Request Number 24 because separate counsel has been retained for the individual defendants.

25. Admit that in January 2008 before the City shut off water service to the Property

5

there were no delinquencies in the payment of any water bills for water service to the Property.

**RESPONSE:** Admitted.

26. Admit that St. Coletta's properly registered with the City in November, 2007 for water service to the Property.

**RESPONSE:** Admitted.

27. Admit that all fees for water service to the Property were fully paid in November, 2007.

**RESPONSE:** Admitted.

28. Admit that in November 2008 the City represented to St. Coletta's that there were no fees due or owing to the City for water service to the Property.

**RESPONSE:** Assuming this request is meant to refer to November of 2007, and not November of 2008, Admitted.

29. Admit that the City has never required that the Zolecki Home have a business license.

**RESPONSE:** Admitted.

30. Admit that the City has never required that any Group Home located within its corporate boundaries to have a business license.

**RESPONSE:** Denied.

31. Admit that the City's Code provided that the City Licensing Committee reviews applications for business licenses and recommends approval or denial of business licenses to the City Council.

**RESPONSE:** Admitted.

32. Admit that the City has issued fire alarm and sprinkler installation permits, other than those for the Property, that do not bear the signature of Defendant Agpawa.

**RESPONSE:** Admitted.

33. Admit that no permit application by St. Coletta's to the City was ever provided by any of the Defendants to the City Licensing Committee.

**RESPONSE:** Admitted. In further answering, the defendant states that no permit

6

application by St. Coletta's was provided to the City Licensing Committee, because the duties of the City Licensing Committee have been absorbed by the Planning Commission.

    34. Admit that on or about November 30, 2007, St. Coletta's requested and paid a fee to expedite a meeting before or hearing of the City's Plan Commission.

**RESPONSE:** Admitted.

    35. Admit that the City failed to grant St. Coletta's request for an expedited meeting before January 9, 2008.

**RESPONSE:** The City of Markham admits that St. Coletta's request for an expedited meeting was not granted before January 9, 2008. It denies that this was a "failure" on the part of the City. In further answering, it states that the request was not granted earlier due to an employee's error.

    36. Admit that Defendant Goodlow claimed that St. Coletta's provided false information to the Plan Commission related to the Certificate of Occupancy for the Property.

**RESPONSE:** After reasonable inquiry, the information known or readily obtainable to the City of Markham is insufficient to enable the City of Markham to admit or deny the matters set forth in Request Number 36 because separate counsel has been retained for defendant, Goodlow.

    37. Admit that the City received a Freedom of Information request from Ungaretti & Harris on behalf of St. Coletta's dated January 14, 2008.

**RESPONSE:** Admitted.

    38. Admit that the City did not respond to the Freedom of Information request in writing within 7 days, as required by the Freedom of Information Act.

**RESPONSE:** Admitted.

    39. Admit that the City audio taped the January 9, 2008 meeting of the Plan Commission.

**RESPONSE:** Admitted.

7

40. Admit that the City video taped the January 9, 2008 meeting of the Plan Commission.

**RESPONSE:** Denied.

41. Admit that a court reporter was present at the January 9, 2008 meeting before the Plan Commission.

**RESPONSE:** Denied.

42. Admit that the City did not schedule a special Plan Commission meeting until after it was notified that St. Coletta's had filed the captioned lawsuit against the City.

**RESPONSE:** Denied.

CITY OF MARKHAM

_____
One of their attorneys

Clifford G. Kosoff
Jane M. May
Joshua S. Abern
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, IL 60062
Telephone (847) 291-0200
Facsimile (847) 291-9230

8

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ST. COLETTA'S OF ILLINOIS, INC., ) <br> an Illinois not-for-profit corporation, and ) <br> JESSE McMORRIS, an individual, ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> CITY OF MARKHAM, an Illinois ) <br> municipal corporation, DAVID WEBB, ) <br> JR., J.V. COOK, SR., THADDEUS ) <br> GOODLOW and ROGER AGPAWA, ) <br> individuals, ) <br> Defendants. ) | No. 08 cv 409 <br><br> Judge Milton I. Shadur |

### CERTIFICATE OF SERVICE

I, the undersigned, on oath state that I served the foregoing **Defendant City of Markham's Response to Plaintiffs' Request to Admit** and this **Certificate of Service** to the following persons:

Mr. Nicholas Anaclerio
Ungaretti & Harris
3500 Three First National Plaza
Chicago, IL 60602
Facsimile: (312) 977-4405

Michelle Broughton-Fountain
19150 S. Kedzie Avenue, Suite 103B
Flossmoor, IL 60422
Facsimile: (708) 647-8722

Steven R. Miller
Miller & Ellison
17508 S. Carriageway Drive, Suite B
Hazel Crest, IL 60429
Facsimile: (708) 799-5493

James P. Moran
Mulherin, Rehfeldt & Varchetto, P.C.
211 South Wheaton Avenue, Suite 200
Wheaton, IL 60187
Facsimile: (630) 653-9316

by facsimile and by placing true and correct copies of the same in an envelope addressed as set forth above with sufficient postage, and by placing said envelope in the U.S. mail at 650 Dundee Road in Northbrook, Illinois at or about the hour of 5:00 p.m. on February 27, 2008.

_____

SUBSCRIBED and SWORN to before me
on this 27th day of February, 2008.

_____
Notary Public

"OFFICIAL SEAL"
HEATHER K. CUMMINS
Notary Public, State of Illinois
My Commission Expires Jan. 03, 2010

9