# EXHIBIT 2

Westlaw.

Not Reported in F.Supp.2d                                                                                               Page 1
Not Reported in F.Supp.2d, 2001 WL 138908 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**Taborn v. Unknown Officers
N.D.Ill.,2001.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.
Letitia TABORN, Plaintiff,
v.
UNKNOWN OFFICERS, et al. Defendants.
No. 00 C 652.

Feb. 16, 2001.

MEMORANDUM OPINION AND ORDER

DARRAH, J.

*1 This matter comes before the Court on Plaintiff Letitia Taborn's ("Plaintiff" or "Taborn") Motion for Entry of an Order Deeming Defendant City of Chicago's ("Defendant" or "City") Response to Plaintiff's Request to Admit as Admitted. For the following reasons, the Court GRANTS Plaintiff's Motion.

PROCEDURAL HISTORY

Plaintiff Letitia Taborn alleges that she was beaten by unidentified police officers. Defendant has produced documents and tape recordings to Plaintiff to enable her to determine which officers were involved. Plaintiff has also reviewed a line-up of officers on duty at the time of the incident and has not yet identified, to the Court's knowledge, any of the officer-defendants in this case. On July 7, 2000, Plaintiff filed the Request to Admit, which is the subject of this opinion. The Request sought admissions regarding whether the unknown officers were acting within the scope of their employment at the time of the incident and whether the unknown officers had contact with the Plaintiff's body. Plaintiff's Request uses the term "officer" and does not state the officer(s)' names.

During a status hearing on July 27, 2000, the City acknowledged that it had not spoken to the officers that may have been involved. The Court ordered the Defendant to conduct a reasonable investigation as required by FED.R.CIV.P.36, which would include interviewing the officers involved to be able to answer the Request to Admit. On August 1, 2000, Plaintiff filed the present Motion; and on August 28, 2000, the City filed its Response to the Motion.

LEGAL STANDARD

Requests for admission are not discovery devices; rather, they are "used to establish the truth or genuineness of a matter in order to eliminate the need to prove the matter at trial or to limit the triable issues of fact."*T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.,* 174 F.R.D. 38, 42 (S.D.N.Y.1997).

Requests for admission are governed by FED.R.CIV.P. 36. It states, "[a]n answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable the party to admit or deny."*Id.*"Reasonable inquiry includes investigation and inquiry of any of defendant's officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response."*T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.,* 174 F.R.D. 38, 42 (S.D.N.Y.1997)."If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served."FED.R.CIV.P. 36.

DISCUSSION

Plaintiff has asked this Court to deem as admitted paragraphs 3 through 9 of its Request to Admit. In its Response to the present Motion, Defendant argues: (1) the Request to Admit concerns issues which are in dispute; (2) it fulfilled its obligation to conduct a reasonable inquiry; (3) it need not interview unsworn third parties; and (4) interviewing its own officers would violate attorney-client privilege or the work-product doctrine. The



© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 138908 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

Page 2

Court will address Defendant's arguments in the order they were presented.

*2 First, Defendant argues that the Request concerned issues which are in dispute. This argument is foreclosed by FED.R.CIV.P. 36(a). It specifically states, "[a] party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request." In such instances, the party must deny the statement and set forth its reasons.

Second, Defendant contends it met its obligation to conduct a "reasonable investigation" before concluding it lacked sufficient knowledge. The Court disagrees. The Defendant failed to interview any of its officers, as was its obligation. *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.,* 174 F.R.D. 38, 42 (S.D.N.Y.1997). The officers are individuals employed by the City of Chicago. The City cannot claim to lack knowledge pursuant to a duty of reasonable inquiry when it fails to interview its own employees.

Third, Defendant contends that under *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.,* 174 F.R.D. 38, 42 (S.D.N.Y.1997), it was not obligated to question unsworn third parties. However, this same case explicitly states that legal entities are required to interview their own employees. An entity's own employees can hardly be considered "unsworn third parties."

Fourth, Defendant argues that interviews of its own employees *might* violate attorney-client privilege or the assertion of the work-product doctrine. Of course, Defendant cannot say with any certainty whether this is truly the case until it conducts the interviews in question.

CONCLUSION

For the reasons stated herein, Plaintiff's Motion is GRANTED. Paragraphs 3 through 9 of Plaintiff's Request to Admit are deemed as admitted.

IT IS SO ORDERED.

N.D.Ill.,2001.
Taborn v. Unknown Officers
Not Reported in F.Supp.2d, 2001 WL 138908 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.