0IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ST. COLETTA'S OF ILLINOIS, INC., | ) | |
| An Illinois not-for-profit corporation, and | ) | |
| JESSE McMORRIS, and individual, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 08 C 409 |
| | ) | |
| CITY OF MARKHAM, an Illinois | ) | Judge Shadur |
| Municipal corporation, DAVID WEBB, JR. | ) | |
| J.V. COOK, SR., THADDEUS GOODLOW | ) | Magistrate Judge Cox |
| And ROGER AGPAWA, individuals, | ) | |
| Defendants. | ) | |

**CITY OF MARKHAM'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
RULE 36(a)(6) MOTION TO DEEM ADMITTED**

NOW COMES defendant, City of Markham ("the City"), by its attorneys, Clifford Kosoff, Jane May and Joshua Abern, and for its Response in Opposition to Plaintiff's Rule 36(a)(6) Motion to Deem Admitted, states as follows:

1.      The plaintiff filed the above-captioned suit asserting a claim of housing discrimination against the City of Markham and against David Webb, Jr., Thaddeus Goodlow, J.V. Cook, Sr. and Roger Agpawa in their individual capacities on January 18, 2008. The undersigned represents the City of Markham only. The individually named defendants are represented by separate counsel.

2.      Punitive damages are asserted against each of the individually named defendants. Punitive damages are not (nor could they be) asserted against the City of Markham. *Newport v. Fact Concerts Inc.,* 453 U.S. 247, 259-60 101 S. Ct. 2478 (1981). The City's insurance policy does not cover punitive damages, and 745 ILCS 10/9-102 precludes the City from indemnifying any punitive damage award against an individual defendant. Thus, a conflict exists, which has necessitated the retention of separate counsel for the individually named defendants. See e.g.

*Illinois Municipal League Risk Management Assoc. v. Seibert*, 223 Ill. App.3d 864, 585 N.E.2d 1130, 1139 (4th Dist. 1992).

    3.    On January 28, 2008, counsel for the plaintiff tendered forty-two Requests to Admit Facts on the defendants collectively. On February 27, 2008, the City tendered its responses to plaintiff. The individual defendants have been granted an extension of time to and including March 12th to file their responses.

    4.    Requests to Admit 12-15, 24 and 36, are directed specifically at alleged conduct on the part of the individually named defendants, each of whom is represented by separate counsel.

    5.    Given that the individually named defendants have separate interests in this litigation, are separately represented, and because of the potential for conflict of interest, the undersigned has not interviewed them regarding Requests 12-15, 24 and 36.

    6.    Plaintiff now takes issue with the City's assertion that it cannot admit or deny the matters asserted with respect to the actions alleged to have been taken by the individually named defendants, and asks the court to deem the City's responses to Requests 12-15, 24 and 36 as admissions.

    7.    Plaintiff cites in support of its motion the case of *Taborn v. Unknown Officers*, 2001 WL 138908 (N.D. Ill., Feb. 16, 2001) for the proposition that a city is required to interview its employees in preparing a response to a request to admit.

    8.    *Taborn* is distinguishable on its facts. In that case, the court held that counsel for the city was required to interview its employees in order to respond to the request to admit. *Id.* at *2. Unlike the case at bar, however, the city employees in *Taborn* had not been named as defendants, nor were the employees represented by separate counsel due to a conflict of interest.

9.      The standard of "reasonable inquiry" for purposes of Rule 36 depends on the particular facts of each case. *Dubin v. E.F. Hutton Group*, 125 F.R.D. 372, 374 (S.D.N.Y., May 2, 1989). Generally, a reasonable inquiry for purposes of Rule 36 is limited to a review and inquiry of persons and documents within the control of the responding party. *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer*, 174 F.R.D. 38 (S.D.N.Y., May 21, 1997). Reasonable inquiry may include review of documentary evidence within that parties' possession, but would not require a party to rely on the deposition testimony of a hostile witness to admit or deny a request. *Kendrick v. Sullivan*, 1992 U.S. Dist. LEXIS 6715 (D.C., May 15, 1992). It is not proper to require a respondent to ascertain facts from third persons who are hostile or *interested* in the suit. *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118 (S.D. Iowa, 1950)(emphasis added). Interviewing a non-party, former employee does not fall within the scope of a "reasonable inquiry" for purposes of Rule 36. *Dubin*, 125 F.R.D. at 374.

10.     It is unreasonable to require the City to interview (and be bound by) statements of the other defendants in this suit—even though some of the defendants are employed by the City. Each of the individually named defendants is represented by separate counsel and holds a personal interest in the suit--especially given the punitive damage claims which are not covered by the City's insurance and for which the individuals may have personal liability exposure.

11.     Finally, plaintiff seeks an order deeming Requests 12-15, 24 and 36 admitted. Rule 36(a)(6) provides that the upon a motion attacking the sufficiency of a response, court may order the matter deemed admitted or that an amended answer be served. An order deeming matters admitted is a severe sanction. *Kendrick*, 1992 U.S. Dist. LEXIS 6715, at *13. The City requests that plaintiff's motion be denied for the reasons stated above, but in the event that the court determines that its responses are insufficient, requests leave to file amended responses.

WHEREFORE, defendant, City of Markham, respectfully requests that plaintiff's motion be denied. In the alternative, in the event that the Court determines the City's responses to be insufficient, it requests that the Court grant it leave to file amended responses.

          CITY OF MARKHAM

By:   s/Jane M. May
Jane M. May, # 6207760
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Facsimile: (847) 291-9230
E-mail: jmay@okgc.com

Clifford G. Kosoff
Jane M. May
Joshua S. Abern
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, IL 60062
Telephone: (847) 291-0200
Facsimile: (847) 291-9230

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ST. COLETTA'S OF ILLINOIS, INC., ) <br> An Illinois not-for-profit corporation, and ) <br> JESSE McMORRIS, and individual, ) <br> Plaintiff, ) <br> v. ) <br> ) <br> CITY OF MARKHAM, an Illinois ) <br> Municipal corporation, DAVID WEBB, JR. ) <br> J.V. COOK, SR., THADDEUS GOODLOW ) <br> And ROGER AGPAWA, individuals, ) <br> Defendants. ) | Case No.: 08 C 409 <br><br> Judge Shadur <br><br> Magistrate Judge Cox |

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 4, 2008, I electronically filed City Of Markham's City Of Markham's Response In Opposition To Plaintiff's Rule 36(A)(6) Motion To Deem Admitted with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Nicholas Anaclerio, Jr.  
nanaclerio@uhlaw.com

Michelle Broughton-Fountain  
mb-fountain@comcast.net

David Levitt  
dlevitt@uhlaw.com

Jamie A. Robinson  
jarobinson@uhlaw.com

and I hereby certify that on March 4, 2008 I faxed and mailed by United States Postal Service, the document to the following non-registered participant:

James P. Moran  
Mulherin, Rehfeldt & Varchetto, P.C.  
211 South Wheaton Avenue, Suite 200  
Wheaton, IL 60187  
Facsimile: (630) 653-9316

Steven Miller  
Miller & Ellison  
17508 S. Carriageway Drive, Suite B  
Hazel Crest, IL 60429  
Facsimile: (708) 799-5493

                                              CITY OF MARKHAM

                            By:    s/Jane M. May  
                                    Jane M. May, # 6207760  
                                    O'Halloran Kosoff Geitner & Cook, LLC  
                                    650 Dundee Road, Suite 475  
                                    Northbrook, Illinois 60062  
                                    Telephone: (847) 291-0200  
                                    Facsimile: (847) 291-9230  
                                    E-mail: jmay@okgc.com

5