UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ST. COLETTA'S OF ILLINOIS, INC., an Illinois not-for-profit corporation, and JESSE McMORRIS, an individual,<br><br>    Plaintiffs,<br>v.<br><br>CITY OF MARKHAM, an Illinois municipal corporation, DAVID WEBB, JR., J.V. COOK, SR., THADDEUS GOODLOW and ROGER AGPAWA, individuals,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 08 CV 409<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs St. Coletta's of Illinois, Inc. ("St. Coletta's") and Jesse McMorris ("Jesse") (collectively, "Plaintiffs") by counsel Nicholas Anaclerio, Jamie A. Robinson and David Levitt, move this Court for the entry of an order granting them leave *instanter* to file a Second Amended Complaint against the City of Markham (the "City"), David Webb, Jr. ("Defendant Webb"), J.V. Cook, Sr. ("Defendant Cook"), Thaddeus Goodlow ("Defendant Goodlow") and Roger Agpawa ("Defendant Agpawa") (collectively the "Defendants"). In further support hereof, Plaintiffs append hereto as Exhibit A, a copy of their proposed Second Amended Complaint and state:

1. In this housing discrimination case, Plaintiffs have asserted claims to punitive damages and permanent injunctive relief, respectively against the individual Defendants and the City. Plaintiffs maintain that the Individual Defendants' discriminatory actions against them warrant punitive damages; that the City's misconduct entitles Plaintiffs to a permanent injunction against all Defendants; and that the City's misconduct, including a history of violating federal law prohibiting housing discrimination on the basis of disability, rebuts any presumption that, once temporarily restrained from violating federal housing law herein, the City will comply with such law.

2. Plaintiffs now seek to file their Second Amended Complaint in further support of such claims, and specifically to plead new facts, disclosed by Defendants in discovery on February 28, 2008, which facts further establish Plaintiffs' rights to both punitive damages and permanent injunctive relief.

3. On February 27, 2008, the City served Plaintiffs with a copy of a conciliation agreement that it, Defendant Webb, and City Chairman TyWayne Wilson entered into in January 2007 with the U.S. Department of Housing and Urban Development ("HUD"), and Karriem's Developmental Services, Inc. ("Karriem's"), the operator of a group home for developmentally disabled persons located at 15501 South Kedzie Avenue, Markham, Illinois. A true copy of this conciliation agreement (the "HUD Agreement") is appended as Exhibit 2 to the Plaintiffs' proposed Second Amended Complaint (which itself is Exhibit A to this Motion).

4. The HUD Agreement resolved a housing and disability discrimination complaint by Karriem's establishing that although the City issued Karriem's a business license in August 2001, it nevertheless also issued Karriem's a citation and fined

Karriem's on September 25, 2006 for an alleged failure to obtain a business license and for operating a commercial business within a residential area. While there had never been any untoward incidents involving Karriem's or its disabled residents, the City nevertheless targeted Karriem's and its residents for disability-based housing discrimination and harassment.

5. The terms of the HUD Agreement (p. 5, par. 15) require that the City and Defendant Webb:

> a. "immediately cease and desist allowing harassment through the use of City personnel and citations of violations against the [Karriem's] property at issue;"
>
> b. "treat [Karriem's and its residents] with dignity and respect;" and
>
> c. not "interfere, harass, delay or treat less favorably [Karriem's] future efforts to obtain business licensing, and/or to operate group home housing."

6. Through the HUD Agreement (pp. 5-6, par. 16), the City and Defendant Webb expressly acknowledged the provisions of the federal housing discrimination laws that they violated 10 months later with respect to St. Coletta's. In the HUD Agreement (pp. 5-6, ¶ 16), among other things, Defendants expressly "acknowledge[d] that The Fair Housing Act makes it unlawful:

- To utilize land use policies or actions that treat groups of persons with disabilities less favorably than groups of non-disabled persons. *An example would be an ordinance prohibiting housing for persons with disabilities or a specific type of disability, such as mental illness, from locating in a particular area, while allowing other groups of unrelated individuals to live together in that area.*

- To take action against, or deny a permit, for a home because of the disability of individuals who live or would live there. *An example would be denying a building permit for a home because it was intended to provide housing for persons with mental retardation.*

- To refuse to make reasonable accommodations in land use and zoning policies and procedures where such accommodations may be necessary to afford persons or groups of persons with disabilities an equal opportunity to use and enjoy housing." (emphasis added)

7. The HUD Agreement (Ex. 2, p. 6, par. 17) bound the Defendant City and Defendant Webb, within 30 days of its signing, to "agree to communicate the provisions of the [HUD] Agreement to their respective employees, agents and all persons having any responsibilities or duties related to the provisions of this Agreement, and to provide the Department [HUD] with a certification that this requirement has been met."

8. By virtue of the Karriem's Complaint and the HUD Agreement, Defendants and each of them had actual and direct knowledge of the requirements of federal housing law that they then proceeded to violate in regard to the Plaintiffs. The Defendants' assent to the terms of the HUD Agreement, their awareness of the requirements of federal housing law through it, then their prompt violation of those same laws through the unlawful housing discrimination perpetrated against Plaintiffs herein further establishes Plaintiffs right to punitive damages against the individual defendants and a permanent injunction against all Defendants, including the City.

WHEREFORE, For all of the foregoing reasons, pursuant to Rule 15 of the Federal Rules of Civil Procedure the Plaintiffs respectfully request that this Court enter an order granting them leave *instanter* to file their Second Amended Complaint herein, and for such other, further or additional relief in their favor and against Defendants as this Honorable Court deems fair, just and equitable in the premises.

Dated: March 5, 2008

Respectfully submitted,

By: /s/ Nicholas Anaclerio
Nicholas Anaclerio
(ARDC #6187889)
Jamie A. Robinson
(ARDC #6270503)
David Levitt
(ARDC #6280466)
UNGARETTI & HARRIS LLP
Three First National Plaza
Suite 3500
Chicago, Illinois 60602
Telephone (312) 977-4400
Facsimile (312) 977-4405

Counsel for Plaintiffs