IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ST. COLETTA'S OF ILLINOIS, INC., an Illinois not-for-profit corporation, and JESSE McMORRIS, an individual, Plaintiffs, v. CITY OF MARKHAM, an Illinois municipal corporation, DAVID WEBB, JR., J.V. COOK, SR., THADDEUS GOODLOW and ROGER AGPAWA, individuals, Defendants. | No. 08 C 409 Judge Milton I. Shadur Magistrate Judge Susan Cox |

### DEFENDANT, DAVID WEBB, JR.'S RESPONSE TO REQUEST TO ADMIT

Defendant, David Webb, Jr., by and through his attorneys, James P. Moran, Louis A. Varchetto, Matthew R. Schreck and James J. Temple of Mulherin, Rehfeldt & Varchetto, P.C., and for his responses to the Plaintiffs' Requests to Admit, states as follows:

1. Admit that Jesse McMorris and the other Residents of the Home are disabled and handicapped as those terms are defined by the Fair Housing Act as amended and Americans with Disabilities Act.

**RESPONSE:** **This Defendant cannot admit or deny the request. This Defendant has not met Jesse McMorris nor has he met the other residents of the Home. This Defendant has had no personal interaction with either Jesse McMorris or the other individuals. This Defendant has made reasonable inquiry and the information known or readily attainable by this Defendant is insufficient to enable the party to admit or deny.**

2. Admit that the Home is a permitted use under the City's Code.

**RESPONSE:** **The Defendant admits that at a meeting on January 24, 2008, the Markham Plan Commission determined that the Home was a permitted use under the City's Code.**

3. Admit that in November, 2007, permit applications were submitted to the City for the installation of a sprinkler system and fire alarm system on the Property.

**RESPONSE:** **This Defendant admits that as of November, 2007, plans for a sprinkler system were submitted to the City of Markham but denies that the City of Markham permit forms were submitted.**

4. Admit that the City told St. Coletta's that it must file a petition for zoning before it could obtain permits for the installation of a sprinkler system and fire alarm system at the Property.

**RESPONSE:** **Deny.**

5. Admit that the City told St. Coletta's that it must obtain a business license before it could obtain permits for the installation of a sprinkler system and fire alarm system at the Property.

**RESPONSE:** **Deny.**

6. Admit that the City's Code contains no requirement that applicants for fire alarm system or sprinkler system installation permits must hold a business license before such permits may be issued to them.

**RESPONSE:** **Objection. This request asks that the Defendant give a legal conclusion as to what is included in the City's Code. Rule 36 does not authorize a request that requires a pure legal conclusion, without application to the facts. Without waiving this objection, admit.**

7. Admit that the City's Code contains no requirement that applicants for fire alarm or sprinkler system installation permits for a structure demonstrate that it is being used or will be used in accordance with its zoning as a prerequisite to such permits being issued.

**RESPONSE:** Objection. This request asks that the Defendant dive a legal conclusion as to what is included in the City's Code. Rule 36 does not authorize a request that requires a pure legal conclusion, without application to the facts. Without waiving this objection, admit.

8. Admit that permits for the sprinkler system and fire alarm system for the Property were issued by Defendant Goodlow alone.

**RESPONSE:** **Admits that Defendant Goodlow issued the building permits for the sprinkler system and fire alarm system but deny that the permits were issued "alone."**

9. Admit that permits for the sprinkler system and fire alarm system for the Property were signed only by Defendant Goodlow.

**RESPONSE:** **Admit.**

10. Admit that Defendant Agpawa is the only City official with authority to issue permits for a fire alarm system and sprinkler system.

**RESPONSE:** **This Defendant admits that Defendant Agpawa gives consent after review of the plans, but denies that he issues the permits.**

11. Admit that Defendant Agpawa is the only City official with authority to sign permits for a fire alarm system and sprinkler system.

**RESPONSE:** **Deny.**

12. Admit that on January 22, 2008 Defendant Agpawa stated that his signature was required on City permits for the installation of a fire alarm or sprinkler system to make such permits valid and effective.

**RESPONSE:** **Deny.**

13. Admit that Mr. Agpawa refused to issue permits to St. Coletta's for the installation of a sprinkler system and fire alarm system on January 22, 2008.

**RESPONSE:** Deny.

14. Admit that on January 23, 2008 Defendant Agpawa stated that his signature was not required on City permits for the installation of a fire alarm or sprinkler system to make such permits valid and effective.

**RESPONSE:** Admit.

15. Admit that Defendant Agpawa had a copy of Judge Shadur's January 22, 2008 Order when he refused to issue permits for St. Coletta's to install sprinkler and fire alarm systems at the Property.

**RESPONSE:** **Deny that this Defendant refused to issue permits and further deny that he had a copy of Judge Shadur's January 22, 2008 order.**

16. Admit that Defendants did not provide St. Coletta's with any permit for the installation of a fire alarm system at the Property until after 10:30 p.m. on January 23, 2008.

**RESPONSE:** **Deny. The permits were signed before 10:30 p.m. on January 23, 2008. It is understood that Steven Miller forwarded the permits to the Plaintiff.**

17. Admit that on January 24, 2008, the City provided St. Coletta's sprinkler system installation contractor, Central States, with revised or marked up plans for the installation of the sprinkler system at the Property.

**RESPONSE:** Admit.

18. Admit that these revisions or mark-ups to sprinkler system installation plans previously submitted to the City on behalf of St. Coletta's called for additional sprinkler heads and the relocation of other sprinkler heads.

**RESPONSE:** **Admit that the mark-ups to the sprinkler system installation plans referenced additional sprinkler heads, but deny that they referenced relocation of sprinkler heads.**

19. Admit that the revisions and/or mark-ups appearing on the set of plans provided to St. Coletta's sprinkler system installation contractor, Central States, on or about January 24, 2008 were made by Defendant Agpawa.

**RESPONSE:** Admit.

20. Admit that the revisions and/or mark-ups appearing on the set of plans provided to St. Coletta's sprinkler system installation contractor, Central States, on or about January 24, 2008 were made on behalf of Defendant Agpawa and with his authority by another City official or employee.

**RESPONSE:** Deny.

21. Admit that the City turned water service off to the Property in January 2008 before the filing of this lawsuit on January 18, 2008.

**RESPONSE:** Admit.

22. Admit that Defendant Webb instructed and directed other City officials or employees to turn water service to the Property off in January 2008 before the filing of this lawsuit on January 18, 2008.

**RESPONSE:** Admit.

23. Admit that Defendant Webb had never instructed or directed other City officials or employees to turn water service to a residence for which all water bills were not delinquent until he did so with respect to the property.

**RESPONSE:** Admit.

24. Admit that neither the city, nor any of the Defendants gave St. Coletta's or anyone on its behalf any prior notice that the City would shut off water service for the Property in January 2008.

**RESPONSE:** **This individual Defendant admits that he did not give St. Coletta's or anyone on its behalf notice that water would be shut off. This Defendant understands that the City of Markham, in its response, admitted this request.**

25. Admit that in January 2008 before the City shut off water service to the Property there were no delinquencies in the payment of any water bills for water service to the Property.

**RESPONSE:** Admit.

26. Admit that St. Coletta's properly registered with the City in November, 2007 for water service to the Property.

**RESPONSE:** Admit.

27. Admit that all fees for water service to the Property were fully paid in November, 2007.

**RESPONSE:** Admit.

28. Admit that in November 2008 the City represented to St. Coletta's that there were no fees due or owing to the City for water service to the Property.

**RESPONSE:** **Admit if referring to 2007.**

29. Admit that the City has never required that the Zolecki Home have a business license.

**RESPONSE:** Admit.

30. Admit that the City has never required that any Group Home located within its corporate boundaries to have a business license.

**RESPONSE:**     Deny.

31.    Admit that the City's Code provided that the City Licensing Committee reviews applications for business licenses and recommends approval or denial of business licenses to the City Council.

**RESPONSE:**     **Objection. This request asks that the Defendant give a legal conclusion as to what is included in the City's Code. Rule 36 does not authorize a request that requires a pure legal conclusion, without application to the facts. Without waiving this objection, admit.**

32.    Admit that the City has issued fire alarm and sprinkler installation permits, other than those for the Property, that do not bear the signature of Defendant Agpawa.

**RESPONSE:**     **Admit as to sprinkler installation permits but Defendant is unaware of an entity requesting a fire alarm permit.**

33.    Admit that no permit application by St. Coletta's to the City was ever provided by any of the Defendants to the City Licensing Committee.

**RESPONSE:**     **Admit. And further answering, this Defendant states that no permit application by St. Coletta's was provided to the City Licensing Committee, because the duties of the City Licensing Committee had been absorbed by the Planning Commission.**

34.    Admit that on or about November 30, 2007, St. Coletta's requested and paid a fee to expedite a meeting before or hearing of the City's Plan Commission.

**RESPONSE:**     **Admit that a fee was paid.**

35.    Admit that the City failed to grant St. Coletta's request for an expedited meeting before January 9, 2008.

**RESPONSE:**     **This Defendant admits that St. Coletta's request for an expedited meeting was not granted before January 9, 2008. He denies that this was a "failure" on the part of the City of Markham.**

36. Admit that Defendant Goodlow claimed that St. Coletta's provided false information to the Plan Commission related to the Certificate of Occupancy for the Property.

**RESPONSE:** **Deny.**

37. Admit that the City received a Freedom of Information request from Ungaretti & Harris on behalf of St. Coletta's dated January 14, 2008.

**RESPONSE:** **Admit.**

38. Admit that the City did not respond to the freedom of Information request in writing within 7 days, as required by the freedom of Information Act.

**RESPONSE:** **Admit.**

39. Admit that the City audio taped the January 9, 2008 meeting of the Plan Commission.

**RESPONSE:** **Admit.**

40. Admit that the City video taped the January 9, 2008 meeting of the Plan Commission.

**RESPONSE:** **Deny.**

41. Admit that a court reporter was present at the January 9, 2008 meeting before the Plan Commission.

**RESPONSE:** **Deny.**

42. Admit that the City did not schedule a special Plan Commission meeting until after it was notified that St. Coletta's had filed the captioned lawsuit against the City.

**RESPONSE:** **Deny.**

Respectfully Submitted,


s/James P. Moran
Attorneys for Defendant
James P. Moran IL Bar No. 06183759
Mulherin, Rehfeldt & Varchetto, P.C.
211 S. Wheaton Ave., Suite 200
Wheaton, IL  60187
Telephone: (630) 653-9300
Fax: (630) 653-9316
E-mail: jmoran@mrvlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 12, 2008, I electronically filed the foregoing Defendant, David Webb, Jr.'s Response to Plaintiffs' Requests to Admit, with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Nicholas Anaclerio, Jr.
David Levitt
Jamie A. Robinson
Ungaretti & Harris LLP
Three First National Plaza
70 W. Madison Street, Suite 3500
Chicago, Illinois 60602

Clifford Gary Kosoff
Jane Marie May
Joshua S. Abern
O'Halloran, Kosoff, Helander & Geitner, P.C.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062

Michelle Broughton-Fountain
19150 South Kedzie
Suite 103B
Flossmoor, Illinois 60422

Mr. Steven R. Miller
Miller and Ellison
17508 S. Carriageway Drive, Suite B
Hazel Crest, IL  60429