IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ST. COLETTA'S OF ILLINOIS, INC., an Illinois not-for-profit corporation, and JESSE McMORRIS, an individual, <br><br> Plaintiffs, <br> v. <br><br> CITY OF MARKHAM, an Illinois municipal corporation, DAVID WEBB, JR., J.V. COOK, SR., THADDEUS GOODLOW and ROGER AGPAWA, individuals, <br><br> Defendants. | No. 08 C 409 <br><br> Judge Milton I. Shadur <br><br> Magistrate Judge Susan Cox |

### DEFENDANT, ROGER AGPAWA'S MOTION TO RE-CONSIDER AND VACATE ORDER OF CONTEMPT

Defendant, Roger Agpawa, by and through his attorneys, James P. Moran, Louis A. Varchetto, Matthew R. Schreck and James J. Temple of Mulherin, Rehfeldt & Varchetto, P.C., and for his motion to vacate the order of contempt entered on January 24, 2008, states as follows:

1. The court, on motion of the plaintiff, entered on January 22, 2008, an order of mandamus requiring, amongst other things, the defendants to issue a building permit for the installation of a sprinkler system at the premises owned by the plaintiff. Plaintiff had argued in their petition that the act of issuing the permit required no discretion on the part of city officials (apparently including this defendant).

2. The plaintiff suggested in a subsequent court hearing that Deputy Fire Chief Agpawa did not have the authority to even review the installing contractor's plans as the installation had been approved by the Illinois State Marshal. (court hearing January 30, 2008, p. 7).

3. The court, in ordering the mandamus, found that the installation of the sprinkler system was required for safety for the occupants; therefore, the court

reasoned that the installation should immediately go forward. However, what the court did not consider, and what was not presented to the court, were the facts demonstrating that for safety reasons and based on applicable fire code, it was necessary for the Deputy Fire Chief to conduct a review of the sprinkler contractor's proposed plans.

4. Instead of discussing with the court the role of the Deputy Fire Chief (perhaps because the plaintiff did not understand that role), the plaintiff asked that Deputy Fire Chief be held in contempt; essentially asking for that contempt finding because the Deputy Fire Chief would not forsake his duty and obligations.

5. The plaintiff in objecting to the initial request to re-consider the order of contempt placed weight on the authority of the Illinois State Fire Marshal as the final arbiter of the sprinkler plans. But, the policies and procedures of the Illinois State Fire Marshal were never presented to this court. Those policies and procedures state that its rules are *concurrently* applicable with local rules and ordinances. Those policies and procedures state that owners of the property must satisfy the adopted rules set forth by *both* state and local authorities. Those policies and procedures state that the *Illinois State Fire Marshal does not maintain a position of authority over local fire departments*. Those state that the Illinois State Fire Marshal cannot order or influence local departments. (A copy of the applicable section of the Policies, Procedures and Code Requirements of the Office of the Illinois State Fire Marshal are attached as Ex. A and were produced pursuant to Rule 34 [p.25-26])

6. In addition, the National Fire Prevention Code 1 grants authority to local agencies to enforce the Code and has been adopted by the City of Markham.

7. None of these policies, rules, duties, or rights was presented to the court at the mandamus, contempt, or petition to re-consider hearings.

8. Even after the Illinois State Fire Marshal inspected the premises, an act relied upon by the plaintiff as conclusive of the appropriateness of the sprinkler plans, the Illinois State Fire Marshal wrote to plaintiff that its *finding did not supersede local authority* and recommended that the plaintiff contact the local fire department to ensure compliance with local regulations. (a copy of this letter, dated January 31, 2008, admittedly after the contempt order was entered and after the petition to re-consider, is attached as Ex. B).

9. The right of the Deputy Fire Chief to review these plans is most telling by the act of the sprinkler company, itself, before there was even a dispute. It sent its plans for approval to the fire department. (a copy of the transmittal letter is attached as Ex. C).

10. Yet, when the court heard argument, none of these facts were presented to it.

11. Rather, it was claimed that Deputy Fire Chief Agpawa made notations that 14 additional sprinkler heads were needed. That representation was inaccurate. Deputy Fire Chief is not an engineer, as his resume produced in discovery revealed. He could not, and would not, tell the installation company how to do the project. But, the Deputy Fire Chief could, and should, ask questions and determine the safety of the system before a building permit was issued. He was not given that opportunity in January.

12. Deputy Fire Chief Agpawa was instructed to, as his note indicated, approve the sprinkler plan. He could not in good conscience do that without the notations as he did not conduct the type of review of the plans he thought necessary. His notations were to indicate questions about the ability of the system to cover the area designated in them. These questions included:

>What sprinkler guide or code was followed or used in preparation of plan?
>How do current locations of heads cover rooms and square footage?  Is reach adequate?
>In company's opinion, would location of sprinkler heads if in center of room make difference to coverage; why or why not?
>Did company find city water pressure adequate for system?
>Who accepted/signed-off testing for company?

13. Yet, Deputy Fire Chief was not allowed to conduct his review in January. Instead, he was refused when this court entered its orders.

14. As this court determined when discussing the need of a mandamus, safety for the residents was the priority. Yet, had the court been presented with the applicable rules, it would have determined that that the Deputy Fire Chief's review of the sprinkler plan was not only a priority but a necessity for that safety.

15. Was the Deputy Fire Chief to ignore his duty?

16. Was the Deputy Fire Chief to ignore the rules?

17. Was the Deputy Fire Chief to ignore his own safety concerns?

18. If the answer to any of these queries is no, then the entry of the contempt, in the very least, was in error.

**WHEREFORE** the Defendant, Roger Agpawa, moves this Honorable Court to vacate the Order of Contempt entered on January 24, 2008.

>Respectfully Submitted,
>s/James P. Moran
>Attorneys for Defendant
>James P. Moran IL Bar No. 06183759
>Mulherin, Rehfeldt & Varchetto, P.C.
>211 S. Wheaton Ave., Suite 200
>Wheaton, IL  60187
>Telephone: (630) 653-9300
>Fax: (630) 653-9316
>E-mail: jmoran@mrvlaw.com

## CERTIFICATE OF SERVICE

       I hereby certify that on March 24, 2008, I electronically filed the foregoing Defendant, Roger Agpawa's, Motion to Reconsider and Vacate the Order of Contempt, with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Nicholas Anaclerio, Jr.
David Levitt
Jamie A. Robinson
Ungaretti & Harris LLP
Three First National Plaza
70 W. Madison Street, Suite 3500
Chicago, Illinois 60602

Clifford Gary Kosoff
Jane Marie May
Joshua S. Abern
O'Halloran, Kosoff, Helander & Geitner, P.C.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062

Michelle Broughton-Fountain
19150 South Kedzie
Suite 103B
Flossmoor, Illinois 60422

Mr. Steven R. Miller
Miller and Ellison
17508 S. Carriageway Drive, Suite B
Hazel Crest, IL  60429