

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ST. COLETTA'S OF ILLINOIS, INC.,<br>an Illinois not-for-profit corporation,<br>and JESSE McMORRIS, an individual,<br><br>   **Plaintiffs,**<br> **v.**<br><br><br>CITY OF MARKHAM, an Illinois<br>municipal corporation, DAVID WEBB, JR.,<br>J.V. COOK, SR.,<br>THADDEUS GOODLOW and<br>ROGER AGPAWA,<br>individuals,<br><br>   **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **No. 08 CV 409**<br><br>**Judge Milton I. Shadur** |

## AGREED ORDER

This matter coming before the Court by agreement of the parties, the Court being fully advised of the premises, IT IS HEREBY ORDERED PURSUANT TO THE AGREEMENT OF THE PARTIES:

 1) Defendants and each of them, their officials, representatives, agents and employees agree to continue to fully comply with all applicable provisions of the Americans with Disabilities Act, the Rehabilitation Act, and the Fair Housing Act, as amended and the requirements of the United States and Illinois Constitutions;

 2) The City of Markham ("City") agrees that St. Coletta's of Illinois, Inc., ("St. Coletta's") ownership, use, occupancy, and operation of the residences at 16207 South Central Park and 3829 West 154th Place in Markham, Illinois (hereinafter the "Group Homes") as group homes for the developmentally disabled are fully consistent and in compliance with all current, applicable City ordinances, rules and regulations and that the City will neither engage in any proceedings before any City board, commission, committee, agency, council or the City's Corporate Authorities in relation to the issuance of a business license for the Group Homes, nor will it cite St. Coletta's for failure to maintain a business license for the Group Homes.

 3) The City agrees that to the extent that the provisions of any City ordinance, rule or regulation, including any license requirements, are amended in the future relating specifically to group homes, St. Coletta's will be exempt from any such

amendments with respect to the operation of its Group Homes in Markham, Illinois, provided that St. Coletta's remains a not-for-profit, 501(c)(3) tax-exempt entity and continues to operate such homes for the developmentally disabled.

    4)    The City and St. Coletta's agree that the Group Homes are subject to all City ordinances, rules and regulations applicable to all other single-family detached residential homes in the City, unless such ordinances, rules or regulations unreasonably fail to accommodate the use and operation of the Group Homes.

    5)    St. Coletta's agrees to comply with all applicable state regulations regarding the operation of the Group Homes.

    6)    In the event of any dispute concerning compliance with this Agreed Order, the Parties agree that they shall first seek to informally resolve the dispute between them in good faith and without seeking court intervention. If such efforts at informal and voluntary resolution are ineffective, the Parties may move to enforce the terms of this Agreed Order and the prevailing party or parties in any such application for enforcement shall be entitled to recover its associated reasonable expenses, including reasonable attorneys' fees.

    7)    Only insofar as it applied to Defendant J.V. Cook, Sr., ("Defendant Cook") the Court's January 23, 2008 contempt order is vacated and set aside based on the representation of the City and Defendant Cook that Defendant Cook resigned his position with the City on or about January 1, 2008.

    8)    Plaintiffs agree that the injunctive relief provided for herein shall apply to Defendant J.V. Cook, Sr. only to the extent that during the term of this Agreed Order he acts as an official, employee, servant, agent or representative of the City.

    9)    The sum of four-hundred-thousand dollars ($400,000.00) (the "Settlement Payment") shall be paid by or on behalf of all Defendants to or as directed by the Plaintiffs within fourteen (14) days from the entry of this Agreed Order, in full and final satisfaction of all claims for monetary damages, including, but not limited to, compensatory damages, costs, attorneys' fees, punitive damages and any other relief sought in the prayers for relief contained in the Second Amended Complaint asserted herein by the Plaintiffs.

    10)    In consideration for the mutual promises and agreements set forth herein, and of the performance of the monetary and non-monetary terms stated in this Agreed Order, Plaintiffs agree to release Defendants, including their officials, representatives, agents, employees and insurers from all claims that were or could have been asserted herein, excepting only those related to the enforcement of this Agreed Order.

    11)    Defendants expressly deny liability for any of the claims brought by the Plaintiffs in any and all pleadings including, but not limited to, Plaintiffs' Second Amended Complaint.

12)    This action shall continue to pend and remain open for a term of five (5) years from the date of the entry of this Agreed Order for the sole purpose of enforcing its terms.  Upon expiration of five (5) years from the entry of this Agreed Order, this action shall be dismissed with prejudice and without costs in its entirety for all purposes, provided, however that the expiration of the term of this Agreed Order shall in no way effect the Parties' duties of performance and obligations hereunder, which shall be continuing in nature.

13)    Within seven (7) days following Plaintiffs' receipt of the Settlement Payment, Plaintiffs will submit for entry by the Court a stipulated order voluntarily dismissing with prejudice and without costs all claims against all Defendants for monetary relief.  All claims for non-monetary relief shall pend and this action shall remain open with the Court retaining jurisdiction solely for the purposes of enforcement of the terms set forth in this Agreed Order.

14)    This Agreed Order is not a judgment.

15)    The City agrees that this Agreed Order was duly approved at a properly noticed public meeting in accordance with the Illinois Open Meetings Act 5 ILCS 120/1 *et seq.*

April 1, 2008
ENTERED: _____
Judge Milton I. Shadur